DLD-021                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2862
_____

IN RE: LEROY A. GARRETT,
                                            Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to Civ. No. 1-17-mc-00151)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 31, 2024
Before:  RESTREPO, FREEMAN, and NYGAARD, Circuit Judges

(Opinion filed: November 21, 2024)
_____

OPINION*
_____

PER CURIAM

     Leroy Garrett has filed a petition for a writ of mandamus in which he requests

relief related to a complex dispute, currently pending in the District Court, that stems

from a judgment that a Canadian mining company obtained against the Bolivarian

Republic of Venezuela.  See generally Crystallex Int'l Corp. v. Bolivarian Republic of

Venezuela, 24 F.4th 242, 246 (3d Cir. 2022).  We will deny the petition.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

The District Court has set forth "the numerous steps in the complex process that will culminate in the Court-ordered sale of as many shares of [Venezuelan state-owned corporations] as is necessary to satisfy whatever amount of judgments will be involved in the sale." Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela, No. MC 17-151-LPS, 2023 WL 4826467, at *2 (D. Del. July 27, 2023). In his mandamus petition, Garrett requests that we put those District Court proceedings "on hold . . . until such court fix or amend a series of mistakes." C.A. Doc. No. 1 at 1. Garrett maintains that he, and other alleged creditors of the Bolivarian Republic of Venezuela, have not been able to present their claims because the District Judge and appointed Special Master have allegedly conducted the proceedings with "unethical secrecy." Id. at 3.

A writ of mandamus is a drastic remedy available only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain mandamus relief, a petitioner "must establish that (1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (cleaned up). Here, Garrett has not established his entitlement to such extraordinary relief, as he failed to show how the District Court proceedings are inadequate to address his claims. Garrett's argument regarding the secrecy of the proceedings is undermined by the extensive, public District Court record. Moreover, Garrett was able to file a request for a preliminary injunction in the District Court to halt the proceedings. The District Court recently considered and denied that request. See D. Del. Civ. No. 1-24-cv-00380, ECF 24. This mandamus

proceeding may not be used as a substitute for his appeal in that case.[1]  See <u>Madden v. Myers</u>, 102 F.3d 74, 77 (3d Cir. 1996) (explaining that "a writ of mandamus may not issue if a petitioner can obtain relief by appeal"); <u>see also</u> <u>Westinghouse Elec. Corp. v. Republic of Philippines</u>, 951 F.2d 1414, 1422 (3d Cir. 1991).

Accordingly, we will deny the mandamus petition.

---

[1] Garret has filed an appeal, which is docketed in this Court at C.A. No. 24-2791.